UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| URUNOV ANVAR,<br><br>            Petitioner,<br>  v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER, et al.<br><br>            Respondents. | No. 5:25-cv-02602-WLH-BFM<br><br>**ORDER TO SHOW CAUSE** |

**SUMMARY**

This Order concerns a habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner Ununov Anvar is currently held in immigration detention at the Adelanto Detention Facility. It appears from the Petition that Anvar has already been ordered removed. It is unclear whether Anvar's Petition challenges the removal order (and the process by which it came to be entered), his continued detention, or both. Neither of these is a viable claim: the Court has no authority to review an immigration judge's order of removal, and Plaintiff has no right to be released from detention in the period immediately following a removal order. The Court therefore orders Anvar to show cause—to explain in writing—why his Petition should not be dismissed.

## FACTUAL BACKGROUND

Petitioner Urunov Anvar, currently in immigration custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF 1 ("Petition").) Anvar was taken before an immigration judge on September 8, 2025, and was ordered removed. (Petition at 7.) In his Petition, he alleges that there were substantial violations of his due process rights during his immigration proceedings—including that the immigration judge did not give him a chance to present testimony or evidence, or to argue his case. (Petition at 3.) Anvar states that he filed a motion to reopen and a renewed form I-589, but he remains in custody. (Petition at 7.)

Anvar further states that he is a law-abiding individual, and that his continued detention is a hardship on his family and serves no legitimate purpose, and that he should be released. (Petition at 5-6.)

## ANALYSIS

The court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 are subject to the same screening requirements. *See* Rule 1(b), Rules Governing Section 2254 Cases (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a § 2241 petition under Habeas Rules 1(b) and 4).

Here, it is not perfectly clear whether Anvar's claim is a challenge to the constitutionality of his removal order, to his continued detention, or both. Neither presents a claim that would entitle Anvar to relief on § 2241 review.

First, this Court does not have the authority to review or set aside the removal order entered in Anvar's case. There is a separate track for appeal of removal orders. *See* 8 U.S.C. § 1252(a)(1). That separate track represents the *exclusive* (meaning only) means of appealing a removal order. *Id.* § 1252(a)(5). To the extent Anvar believes there were errors in his immigration hearing, he must pursue those via other avenues; this Court has no authority to hear his claim.

Second, because there is a final order of removal, Anvar's detention is not pursuant to § 1226(a), the provision he cites, but under § 1231(a). Section 1231(a) requires that the Attorney General physically remove an individual ordered removed within 90 days of the order. 8 U.S.C. § 1231(a)(1). It further requires that the individual remain detained during the 90-day removal period. 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis*, 533 U.S. 678, 698 (2001) (the statute "mandates" detention during the 90-day removal period). Anvar is within that 90-day period in which it appears detention is mandatory, meaning he must be detained regardless of whether there is any merit to his argument that he should be released.

For these reasons, the Court believes it is appropriate to recommend dismissal of this Petition. Such dismissal would be without prejudice to Anvar raising his claims about the constitutionality of his removal order in the proper forum. *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("A jurisdictional dismissal is not a judgment on the merits."); *Manant v. United States*, 498 F. App'x 752, at *1 (9th Cir. 2012) (dismissal without prejudice "was proper because the district court lacked jurisdiction"). Before the Court makes that recommendation to the District Judge presiding in his case, however, the Court will give Anvar an opportunity to address these concerns.

Accordingly, by **no later that November 10, 2025**, Anvar shall file a response addressing the concerns raised in this Order and explaining why his

3

Petition should not be dismissed. **Anvar is warned that, if he does not respond to this Order within the deadline set by the Court (or seek an extension of that deadline, if he has a good reason to do so), the Court will recommend to the assigned District Judge that the action be dismissed without further leave to amend.**

DATED: October 10, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE